**BERMAN REALTY CO., Plaintiff-Appellee, v. LAWSON, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 3959.   Decided September 29th, 1947.

Addison & Carpenter, Columbus, for plaintiff-appellee.

Howard H. Gillard, Columbus, for defendant-appellant.

## OPINION

By THE COURT:

This is an appeal on questions of law from the Municipal Court of Columbus, Ohio. The action is one in forcible entry and detainer against Katherine Lawson, defendant.

The record discloses that various motions were filed by the defendant, which were sustained, and the plaintiff amended its petition on several occasions and finally, refusing to amend further, the action was dismissed and an appeal taken to the Court of Common Pleas of Franklin County, Ohio, which appeal was sustained and the judgment of dismissal was reversed and the cause ordered reinstated. An appeal was taken to this Court, which was dismissed and the case was remanded to the Municipal Court in conformity with the decision of the Common Pleas Court. The cause was then tried in the Municipal Court and judgment was rendered in favor of the plain-

tiff. The motion for a new trial was overruled and an appeal filed in this Court.

One of the errors assigned is that the Court erred in trying the case because the order to amend the petition made by the Municipal Court was not complied with. This question was duly adjudicated on appeal to the Common Pleas Court, and this Court and the trial Court certainly cannot be in error in complying with the mandate of the Appellate Courts.

The other error assigned is that the Court erred in rendering judgment against the defendant. The facts disclose that one Harley Lawson, the husband of the defendant, originally rented the apartment in question. Later, his wife, the defendant, divorced him, but she continued to occupy the apartment and pay the rent thereon. During her occupancy of the apartment she married a man by the name of Cobb, which never came to the attention of the landlord. This marriage relationship was also dissolved and the defendant then married a man by the name of Turner whom she stated was her husband at the time of the last hearing in the Municipal Court. When this fact was developed a motion was then made in open court asking that the name of the defendant be amended to that of "Turner" to comply with the evidence, which motion was duly sustained. This the appellant claims to be error, as the motion was not subscribed by the party or his attorney as required by law. It is true that some motions are required to be made in writing, as, for example, motions for a new trial, but as a general rule, motions are made orally to the Court. See 19 R. C. L., p. 619; 27 O. Jur., p. 762.

The appellant claims further that the Court was in error in hearing this cause because Harley Lawson, the former husband of this defendant, was not made a party defendant. It clearly appears from the record that he was no longer an occupant of these premises, and it was not necessary that he be made a party so far as the rights of this defendant were concerned.

The judgment of the trial court is affirmed.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.